LEFFLER, KENNETH M., Associate Judge.
Appellants, Brandon Transfer and Storage Company (Brandon) and its insurance carrier, Fireman’s Fund Insurance Company, appeal final judgment against them in favor of the appellee, Phyllis Hall (Mrs. Hall).
Before moving from an apartment to a furnished cottage in Palm Beach, Mrs. Hall *DCCXCVII had an estimator from Brandon come to the apartment. He conferred with Mrs. Hall, examined the furnishings and other belongings to be moved, and submitted an “Estimated Cost of Services and Order for Service.” The completed form contained the addresses from and to which the move was to be made, itemized charges or estimates for insurance, warehouse handling, storage for 30 days or fraction, use of moving van, labor, travel and packing, and the estimator’s signature on behalf of Brandon. Mrs. Hall signed the document in several places, including a line below the statement that the “undersigned orders above service,” and at the conclusion of a blocked portion of the form containing figures for a $5,000.00 value inserted by her (on which the estimated charge for insurance was calculated). This portion of the form was completed to read as follows:
VALUATION
Shippers are required to declare in writing the Released Value of the property. The agreed or declared value of the property is hereby specifically stated by the Shipper to be Not Exceeding 60$ PER POUND PER ARTICLE unless otherwise declared in writing below.
ARTICLE EXCESS VALUATION
NOTE: If transit insurance policy is ordered, shipper must declare full sound cash value of shipment, it being understood that if the amount of insurance ordered be less than actual value shipper will be co-insurer with the insurance company.
VALUE $5,000
SHIPPER’S SIGNATURE
I HEREBY MAKE THE FOREGOING DECLARATION OF VALUE AND AGREE TO THE TERMS AND CONDITIONS.
X Phyllis Hall
Since the cottage was furnished, Mrs. Hall elected to have only a few of the moved items delivered there, and the remainder were stored in Brandon’s warehouse. Several months later, when Mrs. Hall called for delivery, most of the stored items were missing, including linens, furnishings, art objects and 22 paintings, (which, according to Mrs. Hall’s appraiser who testified at the later trial, were valued at $74,425.00). Brandon brought suit to collect $392.83 remaining due on the moving and storage charges. The jury brought back a $65,000.00 verdict and judgment was entered for that amount against appellants on Mrs. Hall’s counterclaim for Brandon’s negligent loss or conversion of the goods not returned.
We agree with appellants and appel-lee that the outcome of this appeal should be governed by Allied Van Lines, Inc. v. Bratton and Allied Van Lines, Inc. v. McNab, 351 So.2d 344 (Fla.1977). From a factual standpoint Bratton bears closer resemblance to the case on appeal here than does McNab.
In Bratton, our Supreme Court upheld the validity of a provision contained in the bill of lading which limited liability of the van line to the greater of either declared value or $1.25 per pound of goods shipped. The language there employed is very similar to that contained in the bill of lading used by Brandon and the written estimate furnished to Mrs. Hall, both of which contain identical provisions limiting liability of Brandon to $0.60 per pound, or to declared value. Although Brandon’s bill of lading was never presented to Mrs. Hall and contained no declared value similar to the $5,000 amount stated in the written estimate, both documents clearly show Brandon undertook movement of the goods with limitation of its liability for damages. Under these circumstances, Mrs. Hall’s acceptance of the written estimate is tantamount to her acceptance of the bill of lading containing the same limitation of liability. See Atlantic Coast Line Railroad Company v. Dexter, 50 Fla. 180, 39 So. 634 (1905).
The testimony at trial reveals nothing to support Mrs. Hall’s contention that, as in McNab, she was misled by Brandon as to available insurance coverage or was prevented from exercising her right to choose adequate coverage. At best, the testimony shows only that Mrs. Hall believed she was giving Brandon “blank check” authority to cover insurance (and other charges) on items left in storage. Nor is there any competent evidence from which the jury *DCCXCVIII could have concluded that Brandon misrepresented the legal significance of the valuation she inserted in the written estimate.
Because a value was declared by Mrs. Hall in the written estimate, determination of damages on the basis of weight was obviated. Accordingly, judgment of the trial court is reversed with directions to enter judgment against appellants for $5,000.00.
REVERSED and REMANDED.
CROSS, SPENCER C. and DAUKSCH, JAMES C., Jr., Associate Judges, concur.